# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**EDDIE LEE THACKER,**                          CASE NO. 3:21 CV 1617

    Plaintiff,

    v.                                           JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                      **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Eddie Lee Thacker seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Carmen E. Henderson for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Henderson recommends this Court affirm the Commissioner's final decision. (Doc. 15). Plaintiff filed objections to the R&R (Doc. 16), and the Commissioner filed a response thereto (Doc. 17). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income in March 2020 alleging a disability onset date of January 2, 2020. (Tr. 209-23; 227-34). His claims were denied initially and upon reconsideration. (Tr. 104-22). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on March 24, 2021. (Tr. 42-67). On April 5, 2021, the ALJ found Plaintiff not disabled in a written decision. (Tr. 16-35). The Appeals Council denied Plaintiff's request for review, making the

hearing decision the final decision of the Commissioner. (Tr. 1-3). Plaintiff then timely filed the instant action on August 20, 2021. (Doc. 1).

In his original brief, Plaintiff raised arguments regarding the ALJ's consideration of his need for a walker. *See* Doc. 11. In her R&R, Judge Henderson concluded the ALJ did not err in failing to include the need for a walker in his RFC determination. She recommends the Court affirm the Commissioner's decision. *See* Doc. 15.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

# DISCUSSION[1]

Plaintiff raises two specific objections to the R&R. First, he contends the Magistrate Judge erred in finding the medical documentation did not establish the second requirement of SSR 96-9p, "describing the circumstances" for which the walker was necessary. Second, he contends the Magistrate Judge failed to address his argument that the ALJ improperly substituted his own interpretation of the medical evidence in place of medical documentation establishing the medical necessity for a walker.

As both parties and the R&R set forth, SSR 96-9p provides:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

1996 WL 374185, at *7. If an assistive device "[is] not a necessary device for claimant's use, it cannot be considered an exertional limitation that reduced [his] ability to work." *Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002). The Seventh Circuit has noted the key finding in cases involving assistive devices is documentation "describing the circumstances for which [the assistive device] is needed". *See Tripp v. Astrue*, 489 F. App'x 951, 955 (7th Cir. 2012) (noting that a finding of medical necessity of an assistive device requires a statement of the circumstances in which it is needed and that other circuits "have required an unambiguous opinion from a physician stating the circumstances in which an assistive device is medically necessary").

---

1. Neither party objects Judge Henderson's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Henderson.

3

Plaintiff asserts: (1) the Magistrate Judge erred in assuming the description of the circumstances for which a walker is needed must be contained within the prescription itself, and (2) finding such medical evidence was not present. In so doing, he points to the same evidence he highlighted previously. First, Occupational Therapist Katie Freese's statement during a December 2, 2020 functional capacity examination:

> Client has difficulty completing basic activities of daily living at home due to low back pain and endurance including dressing, bathing, and grocery shopping. He would benefit from adaptive equipment to assist in lower body dressing/bathing. He would also benefit from the use of a 4ww for increased stability and endurance during functional tasks.

(Tr. 728). Second, he cites Family Nurse Practitioner Abbey Whitney's December 3, 2020 prescription for a walker. (Tr. 634), which followed Plaintiff's report to Ms. Whitney that the functional capacity examining "[t]herapist would like him to walk more, and would like a 4 wheel walker with a seat so he can rest more while walking." (Tr. 631). The prescription, at the end of this medical record, is listed as:

> **Chronic obstructive pulmonary disease, unspecified**
> *ROLLING WALKER WITH SEAT unspecified 4 wheel walker with seat . . .

(Tr. 634).

The Court turns to Plaintiff's first objection – that the Magistrate Judge erred in assuming the description required by SSR 96-9 regarding when an assistive device is needed must be contained within the prescription itself. That is, Plaintiff contends that while Ms. Whitney provides the prescription, Ms. Freese's separate statement satisfies SSR 96-9's second requirement – the description for when the device is needed. The Court disagrees. First, a plain reading of SSR 96-9 suggests that the same medical documentation that supports necessity should also provide the description. *See* SSR 96-9p, 1996 WL 374185, at *7 ("there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, *and* describing

4

the circumstances for which it is needed") (emphasis added). Second, logic supports this interpretation – the medical provider establishing the necessity of the device is also logically the medical provider who should determine *when* the device is necessary. Moreover, here there is no indication that Ms. Whitney's prescription for a walker was based on a review of Ms. Freese's rationale. Instead, Ms. Whitney's notes indicate Plaintiff self-reported the "[t]herapist would like him to walk more, and [he] would like a 4 wheel walker with a seat so he can rest more while walking." (Tr. 631). In response, Ms. Whitney prescribed the walker. Moreover, to the extent Ms. Freese recommended a walker, she did so in the context of Plaintiff's back impairment in abstract terms and as something that "would benefit" Plaintiff, rather than as a medical necessity. And to the extent Ms. Whitney prescribed the walker (and thus made a determination it was medically necessary), she did so related to COPD, and did not describe the conditions for which the walker was necessary. Further, as discussed below, the Court agrees with the R&R's analysis that even if these two pieces of evidence are read together, the ALJ did not err in concluding the walker was not medically necessary. Therefore, Plaintiff's first objection is overruled.

Second, Plaintiff argues the Magistrate Judge misconstrued his argument. He asserts she did not address "[t]he crux of Plaintiff's argument[, which] is whether or not the ALJ properly explained why a walker is not medically necessary in light of the met requirements of SSR 96-9p." (Doc. 16, at 3). This argument, however, rests on the premise that Ms. Freese's statement can be read in conjunction with Ms. Whitney's prescription and that statement is sufficient to satisfy SSR 96-9p's requirement of medical documentation "describing the circumstances for which [the assistive device] is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." The Court disagrees with the premise for the reasons stated above.

5

However, even assuming *arguendo* that Ms. Freese's statement could be read in conjunction with Ms. Whitney's walker prescription, the former is still an insufficient description. Ms. Freese stated Plaintiff "would . . . benefit from" a walker "for increased stability and endurance during functional tasks." Plaintiff now argues: "stability would preclude walking on uneven terrain or on slopes", the word endurance "is synonymous with a preclusion of walking for long periods of time", and "functional tasks" "provides such a broad category of activity that a reasonable mind would agree means Plaintiff should use the walker at all times." (Doc. 16, at 4). But as the R&R pointed out, courts have required more specificity. In *Wright v. Saul*, the court found that a statement that the cane was needed for "for ambulation" was insufficient:

> Dr. Mackel's notation that Plaintiff needs a cane "for ambulation" does not satisfy this requirement. Indeed, by its very nature, one of the primary purposes of a cane is for ambulation. For a cane to be "medically required," however, SSR 96-9p requires that medical documentation provide further information about the extent and nature of a claimant's need for a cane, such as how often the prescribing physician feels a claimant needs to use it and/or under what particular circumstances it is required. Dr. Mackel's treatment note fails to satisfy this requirement.

*Wright v. Saul*, 2019 WL 3729264, at *3 (N.D. Ohio); *see also Tripp*, 489 F. App'x at 955 (noting courts "have required an unambiguous opinion from a physician stating the circumstances in which an assistive device is medically necessary"). Requiring such specificity makes sense in the context of the purpose of the regulation:

> The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

SSR 96-9p, 1996 WL 374185, at *7. Although Plaintiff reads Ms. Freese's description to mean something specific, the Court agrees with the R&R that "[i]t is not clear [from her description]. . . what constitutes functional activities or what sort of terrain requires use of the walker." (Doc. 15,

6

at 18). As such, the Court finds there is no "unambiguous opinion . . . stating the circumstances in which an assistive device is medically necessary." *Tripp*, 489 F. App'x at 955. Therefore, the ALJ did not err in failing to include a walker in the RFC.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Henderson's R&R (Doc. 15) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

        s/ *James R. Knepp II*
        UNITED STATES DISTRICT JUDGE